UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
T.A., *individually and on behalf of* M.H., *a child with a
disability*,

Plaintiffs,

-against-

NEW YORK CITY DEPARTMENT OF
EDUCATION,

Defendant.
-------------------------------------------------------------------X

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/19/2022
```

1:21-cv-7104-GHW

MEMORANDUM OPINION
AND ORDER

GREGORY H. WOODS, United States District Judge:

## I.      INTRODUCTION

After an uncontested administrative hearing, an Impartial Hearing Officer ("IHO") found that the Defendant New York City Department of Education violated the Individuals with Disabilities Education Act ("IDEA") by failing to provide T.A.'s child, M.H., Free Appropriate Public Education ("FAPE").  Pursuant to the fee shifting provisions of the IDEA, Plaintiff is entitled to recover attorneys' fees as the prevailing party in that administrative proceeding.  The parties disagree over the appropriate fee award in this case, with Plaintiff seeking $48,158.25 in attorneys' fees.  For the reasons discussed below, the Court awards Plaintiff $19,079.50 in attorneys' fees and expenses.

## II.     BACKGROUND

### a)  Factual Background

On January 3, 2020, Plaintiff filed an administrative due process complaint ("DPC") with the New York City Department of Education alleging that Defendant failed to provide M.H. with FAPE during the 2018–19 and 2019–20 school years in violation of the IDEA.  Dkt. No. 24 ("Coretti Decl."), Ex. 1 at 1–4, Ex. 4 at 2.  An IHO was assigned to this case on June 17, 2020.  Dkt.

No. 23 ("56.1 Stmt.") ¶ 6.  The IHO held pre-hearing status conferences on June 25, 2020 and August 3, 2020, and one impartial hearing on August 11, 2020.  Coretti Decl. ¶ 26.  At the August 3, 2020 hearing, the Defendant stated that it would not concede to a denial of FAPE during the school years at issue.  *Id.* ¶ 29.  At the August 11, 2020 hearing, Plaintiff presented fifteen exhibits into evidence and called two witnesses, while Defendant presented no evidence and called no witnesses.  *Id.* ¶ 31.  Defendant "affirmatively stated it was not presenting a defense to the allegations in the DPC."  *Id.*, Ex. 4 at 4.

On October 30, 2020, the IHO issued a Finding of Fact Decision ("FOFD") that determined Defendant had failed to provide M.H. FAPE during the 2018–19 and 2019–20 school years.  *Id.*, Ex. 4.  The IHO ordered Defendant to fund "25 hours of speech and language therapy" and "800 hours of after school, individual multi-sensory academic remediation services" for Plaintiff's child.  Coretti Decl. ¶ 34.  Plaintiff submitted a demand for attorney's fees to "[D]efendant's Special Education Unit Office of General Counsel on April 28, 2021."  56.1 Stmt. ¶ 11.  Defendant made its first settlement offer of $15,000 for these fees on August 16, 2021, which was rejected by Plaintiff.  Dkt. No. 31 ("Pekala Decl.") ¶ 15.

**b) Procedural Background**

Plaintiff filed this federal case on August 23, 2021, pursuant to the fee shifting provisions of the IDEA on the grounds that Defendant had not made a reasonable offer of attorney's fees for the underling administrative hearings.  Dkt. No. 1.  On February 8, 2022, Defendant again offered to settle, but Plaintiff rejected that attempt.  Dkt. No. 32 ("Nimmer Decl.") ¶ 35.  Plaintiff filed a motion for fees with this Court on May 2, 2022.  *See* Dkt. Nos. 22, 28 ("Mot.").  On May 16, 2022, Defendant filed its opposition.  Dkt. No. 34 ("Opp'n").  On May 23, 2022, Plaintiff filed a brief in reply to Defendant's brief in opposition.  Dkt. No. 37 ("Reply").  With the Court's consent, Defendant filed an additional opposition on June 9, 2022.  Dkt. No. 44 ("Surreply").

### III.   LEGAL STANDARD

The IDEA provides that "[i]n any action or proceeding brought under [the IDEA], [a] court, in its discretion, may award reasonable attorneys' fees as part of the costs to the parents of a child with a disability who is the prevailing party." 20 U.S.C. § 1415(i)(3)(B). Such fees "shall be based on rates prevailing in the community in which the action or proceeding arose for the kind and quality of services furnished." *Id.* § 1415(i)(3)(C). "[I]n determining the 'reasonable hourly rate,'" to award to a prevailing party, courts in the Second Circuit "ask[] whether 'the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation.'" *I.B. ex rel. Z.B. v. N.Y. City Dep't of Educ.*, 336 F.3d 79, 80 (2d Cir.2003) (per curiam) (quoting *Blum v. Stenson*, 465 U.S. 886, 895 n. 11 (1984)). District courts have "considerable discretion" in determining what constitutes a reasonable award of attorneys' fees. *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany et al.*, 522 F.3d 182, 190 (2d Cir. 2008).

To determine the appropriate fee award, "a court must undertake a two-pronged inquiry." *H.C. v. New York City Dep't of Educ.*, No. 20-CV-844 (JLC), 2021 WL 2471195, at *3 (S.D.N.Y. June 17, 2021. "First, the court must determine 'whether the party seeking the award is in fact a prevailing party.'" *Id.* (quoting *A.B. v. N.Y.C. Dep't of Educ.*, No. 20-CV-3129 (SDA), 2021 WL 951928, at *2 (S.D.N.Y. Mar. 13, 2021)). Here, Defendant does not dispute that Plaintiff was the prevailing party and is thus entitled to recover attorneys' fees under the IDEA.

"If the party is a prevailing party, the court must then determine whether, under the appropriate standard, that party should be awarded attorneys' fees." *A.B.*, 2021 WL 951928, at *2. In determining the appropriate fee award, courts must consider "all of the case-specific variables." *Arbor Hill,* 522 F.3d at 190. The touchstone inquiry is "what a reasonable, paying client would be

willing to pay." *Id.* at 184; *see also id.* at 192 ("By asking what a reasonable, paying client would do, a district court best approximates the workings of today's market for legal services.").

"Within this framework, district courts 'determin[e] a reasonable hourly rate by considering all pertinent factors, including the *Johnson* factors [as articulated *in Johnson v. Georgia Hwy. Express Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974), abrogated on other grounds by *Blanchard v. Bergeron*, 489 U.S. 87, 109 (1989)], and then multiply[ ] that rate by the number of hours reasonably expended to determine the presumptively reasonable fee.'" *S.J. v. New York City Dep't of Educ.*, No. 21-240-CV, 2022 WL 1409578, at *1 (2d Cir. May 4, 2022) (quoting *Lilly v. City of New York*, 934 F.3d 222, 227 (2d Cir. 2019)).  The *Johnson* factors are:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Lilly*, 934 F.3d at 228.  "A court does not need to make specific findings as to each factor as long as it considers all of them when setting the fee award." *S.J.*, 2021 WL 100501 at *2.

An applicant for an award of fees bears "the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983).  "The applicant should exercise 'billing judgment' with respect to hours worked and should maintain billing time records in a manner that will enable a reviewing court to identify distinct claims." *Id.*  "The critical inquiry is 'whether, at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures.'" *Cesario v. BNI Constr., Inc.*, 07 Civ. 8545, 2008 WL 5210209 at *7 (S.D.N.Y. Dec. 15, 2008) (citing *Grant v. Martinez*, 973 F.2d 96, 99 (2d Cir. 1992)).

Courts also have discretion to reduce attorney's fees awards under the IDEA if:

(i) the parents or attorney protracted the resolution, (ii) the amount exceeds the hourly rate prevailing in the community where the action arose for similar services by a compatible attorney, (iii) the time spent is excessive for the nature of the action, or (iv) parents' attorney did not provide proper notice in the complaint.

20 U.S.C. § 1415 (i)(3)(F).  In addition, "[a] district court should reduce the number of hours included in the fee calculation if the claimed time is 'excessive, redundant, or otherwise unnecessary.'" *Luessenhop v. Clinton Cnty.*, 324 F. App'x 125, 126–27 (2d Cir. 2009) (quoting *Hensley*, 461 U.S. at 434).

## IV.    DISCUSSION

Plaintiff seeks $30,038.75 for the underlying administrative proceedings and $18,199.50 for the federal action, for a total of $48,158.25.  Dkt. No. 38 ("Cuddy Supp. Decl.") ¶ 4.  For the reasons below, the Court reduces Plaintiff's award to $19,079.50.

### A.  The *Johnson* Factors

1. <u>Fees Awarded in Similar Cases/ The Experience, Reputation, and Ability of the Attorneys</u>

Here, Plaintiff's requested fees far exceed those awarded to attorneys with similar experience in similar cases.  Plaintiff requests that the Court award $550 per hour for Andrew Cuddy, $425 per hour for Justin Coretti, $375 per hour for Raul Velez, and $375 per hour for Britton Bouchard.  *See* Cuddy Decl. ¶ 62.  Those rates are extreme; they are equal to the highest fees ever awarded to Plaintiff's counsel, the Cuddy Law Firm ("CLF"), in only one action in this district.  *See Y. G. v. New York City Dep't of Educ.*, No. 21 CIV. 641 (AKH), 2022 WL 1046465, at *2 (S.D.N.Y. Apr. 7, 2022). Moreover, the case in which they were awarded has been appealed and is pending in the Second Circuit.  *See id.*, *appeal docketed*, No. 22-1187 (2d Cir. May 27, 2022).

Indeed, CLF's attorneys regularly receive fees far lower than those they are now requesting. "The reasonable attorneys' fees for counsel from the Cuddy Law Firm ("CLF") is well-trodden ground in this District."  *K.O. v. New York City Dep't of Educ.*, No. 20-CV-10277 (LJL), 2022 WL

1689760, at *9 (S.D.NB.Y. May 26, 2022)..  Beginning with Mr. Cuddy, there is no doubt that he is an experienced lawyer:  he has been an attorney for 26 years and expanded his own practice to the Cuddy Law Firm in 2012.  Coretti Decl. at ¶ 11.  Nonetheless, the typical hourly rate awarded to Mr. Cuddy is far less than the $550 Plaintiff requests here.  "[F]or Andrew Cuddy, the hourly rate determined to be reasonable has ranged from $550 at the extreme high end, to $400 an hour, to $360 or $350 an hour." *H.C.*, 2021 WL 2471195, at *6 (citations omitted); *see also M.D.*, 2018 WL 4386086, at *3 (quoting *C.D.*, 2018 WL 3769972, at *6) (noting that an award "'between $350 and $475 per hour' for 'experienced attorneys in IDEA fee-shifting cases'" was common in this district). For instance, in one recent case, Mr. Cuddy was awarded $375 per hour.  *See H.A. v. New York City Dep't of Educ.*, No. 20 CIV. 10785 (PAE), 2022 WL 580772, at *7 (S.D.N.Y. Feb. 25, 2022).

Plaintiff's request for fees of $425 per hour for Mr. Coretti also exceeds the fees typically awarded.  Mr. Coretti has been an attorney for 10 years and has been with the Cuddy Law firm since 2015.  Coretti Decl. at ¶ 11.  In recent cases, Mr. Coretti has been awarded between $250 per hour and $300 per hour.  *See M.M. v. New York City Dep't of Educ.*, No. 20 CIV. 6915 (ER), 2022 WL 3043218, at *9 (S.D.N.Y. Aug. 2, 2022) (awarding Mr. Coretti $300 per hour); *J.R.*, 2021 WL 3406370, at *4 (setting $250 per hour rate for Mr. Coretti); *M.H.*, 2021 WL 4804031, at *14 (awarding Mr. Corretti an hourly rate of $280 per hour); *H.A.*, 2022 WL 580772, at *7 (awarding Mr. Coretti $275 per hour).

As to Mr. Velez, for whom Plaintiff seeks hourly fees of $375, those requested fees are also excessive.  Mr. Velez graduated law school in 2018 and was with the Cuddy Law Firm for approximately one year from February 2019 through March 2020.  Cuddy Decl. at ¶ 15.  "For associates with three or fewer years of experience in such litigation, courts in this District have typically approved rates of $150–$275." *C.D.*, 2018 WL 3769972, at *7 (determining that an

attorney's "recent graduation from law school and . . . limited experience with IDEA litigation" warranted fees at the "low end of the range").

And finally, Plaintiff has not provided any information about the education or experience of Britton Bouchard. Thus, Plaintiff has not established that any award of fees to Britton Bouchard would be reasonable, let alone fees of $325 per hour.[1]

### 2. The Remaining *Johnson* Factors

A holistic analysis of the remaining *Johnson* factors leads the Court to conclude that the attorneys should be awarded fees at the bottom range of those they typically receive in this district. First, the time and labor required to complete the underlying and present action was not significant: the underlying administrative proceedings involved only two pre-hearing conferences and a single, 32-minute telephonic hearing. Pekala Decl. ¶¶ 7–10. In those proceedings, Plaintiff introduced 15 exhibits and two witness affidavits. *Id.* ¶ 10. But that evidence was undisputed and uncontroverted; Defendant did not put forward any DOE testimony or documentary evidence. Coretti Decl., Ex 4 at 13. And while Defendant initially stated that it would not concede to a denial of FAPE, at the final hearing, Defendant "affirmatively stated it was not presenting a defense to the allegations in the DPC." *Id.* ¶ 27, Ex. 4 at 4. Neither side submitted closing briefs. *Id.*, Ex. 4 at 4. The unopposed underlying hearings, therefore, weigh in favor of a fee award at the lower end of the fee range typically awarded in this district. *See H.C.*, 2021 WL 2471195, at *6 (reducing Plaintiff's requested

---

[1] Defendant argues that the Court should apply the prevailing rates in the Northern District of New York, where CLF's office is located. *See* Opp'n at 7–8. However, "an out-of-district attorney may be entitled to receive a higher rate when practicing in this district than the rate (*sic*) he or she ordinarily receives in the community in which he or she usually practices." *K.F. v. New York City Dep't of Educ.*, No. 10 CIV. 5465 PKC, 2011 WL 3586142, at *2 (S.D.N.Y. Aug. 10, 2011), *adhered to as amended*, No. 10 CIV. 5465 PKC, 2011 WL 4684361 (S.D.N.Y. Oct. 5, 2011).; *see also C.D. v. Minisink Valley Cent. Sch. Dist.*, No. 17 CIV. 7632 (PAE), 2018 WL 3769972, at *6 (S.D.N.Y. Aug. 9, 2018) (same). Here, CLF is practicing in the Southern District of New York, and the Court will not apply the rates in the Northern District of New York. *See K.F.*, 2011 WL 3586142 at *2 (applying the rates common in the Southern District of New York); *C.D.*, 2018 WL 3769972, at *6 n.8 (same).

fees where the proceedings "were ultimately minimally contested, with the DOE objecting only to one exhibit and declining to offer testimony").

Moreover, the issues in the administrative hearing and request for fees with this Court are not novel or difficult; this case involved straightforward issues. *See* Pekala Aff. at ¶ 19 ("[T]he requested relief was similar to many other matters that the DOE handles, including cases brought by Plaintiff's counsel"). Nor was there a significant level of skill required to litigate this case, given that the issues were not complex, either factually or as a matter of law. *See e.g. J.R. v. New York City Dep't of Educ.*, No. 19-CV-11783 (RA), 2021 WL 3406370, at *4 (S.D.N.Y. Aug. 4, 2021) (reducing CLF's fee where the case was a "fairly standard action for special education and related services" and where the "[d]efendant did not put on any witnesses nor present any evidence and agreed to most of Plaintiff's requests before the FOFD was issued" (citations omitted)).

Similarly, there are no facts to suggest Plaintiff's case was particularly undesirable. Of course, a fee award may assist "to alleviate the view that such cases are 'undesirable,' and appropriately incentivize attorneys to represent disabled student who could otherwise not afford to litigate meritorious cases themselves." *Y. G.,* 2022 WL 1046465, at *2. But aside from the general "undesirability" of IDEA cases, there is nothing before the Court to suggest that the facts of Plaintiff's case in the underlying administrative proceeding were significantly undesirable to deter an attorney from taking Plaintiff's case. *See J.R.,* 2021 WL 3406370, at *4 ("Plaintiff does not allege that the issues in this case were especially novel or difficult, nor does it appear that this matter was 'undesirable.' Rather, this appears to have been a fairly standard action for special education and related services.") (citation omitted). Thus, this factor does not weigh in favor of awarding Plaintiff the total fees required

As to the attorney's customary hourly rate, Plaintiff asserts that CLF charges fees equal to the high fees that it requests here. *See* Cuddy Decl. ¶ 54. While those rates weigh in favor of a

higher fee award, CLF's typical rates do not carry undue weight in the Court's analysis because "[t]he question before the Court is not whether CLF has been able to extract higher fees from paying clients than that which the Court has approved here but whether the fees it charges are the prevailing rates in the community." *K.O.*, 2022 WL 1689760, at *11.[2]  That some clients have agreed to pay CLF's high rates merits consideration , but is not conclusive evidence of what a reasonable client would be willing to pay.  Similarly, the fact that CLF obtained favorable results for its clients weighs only slightly in favor of a higher fee award, as "this factor alone does not outweigh the rest, which support a reduction in the fee rate sought." *J.R. v. New York City Dep't of Educ.*, No. 19-CV-11783 (RA), 2021 WL 3406370, at *4 (S.D.N.Y. Aug. 4, 2021).

In addition, Plaintiff has not established that there was any unique relationship between CLF and Plaintiff beyond a typical attorney-client relationship.  Plaintiff does not suggest there were any time constraints beyond procedural deadlines typical in any litigation, nor has it presented any evidence that CLF was precluded from engaging in other matters while litigating this case.  Neither has it provided evidence regarding whether the fees in this action were fixed or contingent. Therefore, these factors are neutral in the Court's determination of altering CLF's requested fee award.

Considering the parties' arguments, evidentiary submissions, and the *Johnson* factors, the court will award Mr. Cuddy $375 per hour.  That rate is consistent with those awarded in recent IDEA cases, and reflects what the Court finds a reasonable paying client would be willing to pay. *See H.A.*, 2022 WL 590772, at *6 (awarding Mr. Cuddy $375 per hour); *see also H.C.*, 2021 WL

---

[2] Plaintiff argues that the Court should not rely on "historical rates" but should instead rely on "declaratory rates of practitioners," which would help account for inflation.  Mot. at 14–15.  The Court has included consideration of CLF's declared fees in its analysis.  However, to the extent Plaintiff argues the Court should eschew consideration of other fee awards in this district, the Court declines to do so.  "In determining what rate a paying client would be willing to pay, the district court should consider, among others, the Johnson factors; it should also bear in mind that a reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively." *Arbor Hill*, 522 F.3d at 190.  The Second Circuit is clear—the Court must consider all of the *Johnson* factors.  The Court will not eschew consideration of fee awards in similar, recent cases in order to place a greater emphasis on CLF's fee declarations.

2471195, at *6 (noting that Mr. Cuddy's fees range from $350 per hour to $500 per hour).  It awards Mr. Corretti $275 per hour for the same reasons.  *See H.A.*, 2022 WL 580772, at *7 (awarding Mr. Corretti $275 per hour).  It will award Mr. Velez $150 per hour, which again, is consistent with recent fee awards in this district.  *C.D.*, 2018 WL 3769972, at *7 (awarding a junior attorney with limited IDEA experience $150 per hour).  Because Plaintiff provided no information about the education or experience of Britton Bouchard, the Court will not award any fees for the hours Britton Bouchard billed to this case.

i.  <u>Paralegals' Reasonable Hourly Rate</u>

CLF requests an hourly rate of $225 for all paralegals involved in the administrative proceeding and the federal action.  However, "[p]aralegals, depending on skills and experience, have generally garnered between $100 and $125 per hour in IDEA cases in this District."  *R.G.*, 2019 WL 4735050, at *3.

Thus, Plaintiff's requested fees are far higher than the range typically awarded to paralegals in this district.  Moreover, Plaintiff does not provide sufficient details about the paralegals who worked on this case to suggest that they should be awarded fees at the high end of that range.  "[Plaintiff] bears the burden of providing evidence to support his fee application, including as to the timekeeper's relevant qualifications."  *C.D. v. Minisink Valley Cent. Sch. Dist.*, No. 17 CIV. 7632 (PAE), 2018 WL 3769972, at *7 (S.D.N.Y. Aug. 9, 2018).  "When such evidence has not been provided, courts typically award fees at the bottom of the customary fee range."  *Id.*  "When the fee-seeking party fails to explain what qualifications entitle the paralegal to a higher rate, a rate at the bottom of the range is warranted."  *R.G.*, 2019 WL 4735050, at *3.

Here, Plaintiff does not discuss any qualifications of Allyson Green and Emma Bianco, two paralegals involved in the administrative proceeding.  Moreover, while CLF describes the educational background of Ms. Reve and Ms. O'Donnell, the amount of their experience working as

10

paralegals is unknown.  *See* Cuddy Decl. ¶¶ 18, 19.  Similarly, while CLF describes Ms. Cuddy's time

with the firm, it does not describe her qualifications beyond assuming the role of "firm-wide office

administrator, who also participates in the training of paralegals."  *Id.* ¶ 17.  Therefore, all fees for

time spent by paralegals working on both the administrative proceeding and federal action will be

billed at $100 per hour.

### B.  Reasonable Hours Expended

The Court declines to further reduce the number of hours CLF billed on this case.  In

determining what number of hours is reasonable, the court "must exclude '[h]ours that are excessive,

redundant, or otherwise unnecessary,' allowing only those hours that are 'reasonably expended.'"

*Hernandez v. Berlin Newington Assocs., LLC*, 699 F. App'x 96, 97 (2d Cir. 2017) (quoting *Kirsch v. Fleet*

*St., Ltd.*, 148 F.3d 149, 172–73 (2d Cir. 1998)).  To determine the reasonableness of hours spent on a

matter, "[t]he district court may attempt to identify specific hours that should be eliminated, or it

may simply reduce the award to account for the limited success."  *Hensley*, 461 U.S. at 436–37, 103

S.Ct. 1933; *see also McDonald ex rel. Prendergast v. Pension Plan of the NYSA-ILA Pension Tr. Fund*, 450

F.3d 91, 96 (2d Cir. 2006) (in calculating an appropriate reduction of compensable hours "[a] district

court may exercise its discretion and use a percentage deduction as a practical means of trimming fat

from a fee application") (internal quotation marks and citation omitted).  However, "trial courts

need not, and indeed should not, become green-eyeshade accountants."  *Fox v. Vice*, 563 U.S. 826,

838 (2011).  [T]rial courts may take into account their overall sense of a suit, and may use estimates

in calculating and allocating an attorney's time."  *Id.*

The Court has reviewed each of CLF's billing entries and has not found any of the fees to be

redundant or excessive.  For the federal action, Defendant takes issues with a number of Plaintiff's

billing entries, including that Mr. Coretti spent 3.5 hours preparing to draft and drafting the six-page

complaint in the federal action, and also asserts that Mr. Coretti spent too much time preparing the

summons and civil cover sheet.  *See* Opp'n at 18–19.  However, the Court has reviewed the billing entries associated with those tasks and does not find the time expended to be unreasonable.[3]

Neither will the Court reduce the hours expended on the administrative proceedings.  As The Court has reviewed those billing entries and finds them to be reasonable.  Though those hearings were ultimately uncontested, the Court credits Mr. Coretti's assertion that preparation for that hearing required extensive review of school records and expert assessments, as well as the preparation of affidavits and exhibits.  *See* Coretti Decl. ¶ 31; Dkt. No. 39 ("Coretti Supp. Decl.") ¶ 3–11.[4]

Defendant argues that the time spent preparing case initiating documents was excessive. However, Defendant overlooks that Plaintiff has already reduced the number of hours billed by Mr. Velez in drafting those documents by 50%, to 13.5 hours.  Dkt. No. 25 ("Cuddy Decl.") at ¶ 59. Given CLF's reduction, the Court will not further reduce the fees for the administrative proceeding.

## C.  Fee Cap at the time of the February 8, 2022, Settlement Offer

The Court will only award the total amount of fees calculated through the time of Defendant's February 8, 2022 settlement.  Section 1415(i)(3)(d)(i) of the IDEA provides that "[a]ttorneys' fees may not be awarded and related costs may not be reimbursed in any action or proceeding under this section for services performed subsequent to the time of a written offer of settlement to a parent if . . . the court or administrative hearing officer finds that the relief finally obtained by the parents is not more favorable to the parents than the offer of settlement."  20 U.S.C. § 1415(i)(3)(d)(i).  Thus, where the amount of fees and costs incurred through the offer of

---

[3] Moreover, as is discussed below, the Court will not award Plaintiff fees for work that occurred after Defendant's February 8, 2022 offer of settlement, so the Court will not consider the fees charged for tasks performed after that date.

[4] In arguing that CLF's billing for this period was excessive, Plaintiff relies on case law that can be distinguished.  *See* Opp'n at 23.  In *C.B.*, many of the court's reductions were for billing entries that the court concluded were duplicates. 2019 WL 3162177m at *10.  Here, the Court has reviewed CLF's billing statements and has not identified any duplicate entries.

settlement date is less than the offered settlement amount, courts will not award fees for fees and costs incurred after that date. *See H.C.*, 2021 WL 2471195, at *10–11 (declining to award fees for work performed after the date of a settlement offer where the fee award was less favorable to the parents than the settlement offer); *R.P. v. New York City Dep't of Educ.*, No. 21-CV-4054 (JMF), 2022 WL 1239860, at *6 (S.D.N.Y. Apr. 27, 2022) (same).

On February 8, 2022, Defendant offered Plaintiff $20,256.90 to settle the matter. Nimmer Decl., Exhibit 2. As per the table below, the fees incurred through that date were only $19,079.50. Thus, because the fees calculated through February 8, 2022 from CLF's billing statements at the Court's reduced rates are below the $20,256.95 offer, CLF cannot recover for any fees charged after that date.

Plaintiff is correct in stating that even after a settlement offer, "an award of attorneys' fees and related costs may be made to a parent who is the prevailing party and who was substantially justified in rejecting the settlement offer." 20 U.S.C.A. § 1415(i)(3)(E). But Plaintiff was not substantially justified in rejecting Defendant's settlement offer. Plaintiff argues to the contrary because "the offer required Plaintiff to waive the right to any claim for interest on the settlement amount . . . [and] an analysis of the hours billed multiplied by the prevailing market rates in the community clearly demonstrated that CLF was entitled to a significantly higher fee amount." Reply at 9. Neither of those arguments is persuasive. As to the second, as previously discussed, the prevailing rates in the community are far less than CLF demanded. *See R.P.*, 2022 WL 1239860, at *6 (rejecting argument that CLF was justified in rejecting a settlement offer on the basis that it was entitled to larger fees). As to the first, as *R.P.* commented, "if the DOE were to delay payment past the ninety-day statutory period for a municipality to pay all sums due to a settling plaintiff, *see* N.Y. C.P.L.R. § 5003-a, [a plaintiff]. could bring a separate action seeking an award of interest on the settlement amounts, as CLF has done in other recent cases." *Id.* Thus, Plaintiff was not

substantially justified in rejecting the settlement offer and cannot collect attorney's fees beyond the

date Defendant made its settlement offer.[5]

### D. Fee Calculation

As per the below table, the fees in this case are calculated to be $19,079.50.[6]

| ADMINISTRATIVE PROCEEDING | | | |
|---|---|---|---|
| NAME | HOURLY RATE | HOURS BILLED | AMOUNT CHARGED |
| Andrew Cuddy | $375 | 3.4 | $1,275.00 |
| Justin Coretti | $275 | 38.8 | $10,670.00 |
| Britton Bouchard | $0 | 1.2 | $0.00 |
| Raul Velez | $150 | 13.85 | $2,077.50 |
| | | *Subtotal* | *$14,022.50* |
| Allison Bunnell | $100 | 1.5 | $150.00 |
| Allyson Green | $100 | 5.7 | $570.00 |
| Amanda Pinchak | $100 | 3.8 | $380.00 |
| Aaron Moore | $100 | 1.5 | $150.00 |
| Emma Bianco | $100 | 3.1 | $310.00 |
| Cailin O'Donnell | $100 | 6.6 | $660.00 |
| Shobna Cuddy | $100 | 3.1 | $310.00 |
| | | *Subtotal* | *$2,530.00* |
| | | | |
| Printing | | | $3.00 |
| Fax | | | $336.00 |
| Postage | | | $3.50 |
| | | *Fee Subtotal* | *$342.50* |
| | | | |
| FEDERAL ACTION (Fees Billed Before February 8, 2022) | | | |
| Andrew Cuddy | $375 | 0.2 | $75.00 |
| Justin Coretti | $275 | 5.7 | $1,567.50 |
| | | | |

---

[5] Any argument that Plaintiff was substantially justified in rejecting the settlement offer because CLF had been awarded higher fees in *Y.G.* would be unavailing, since *Y.G.* was decided on April 7, 2022—nearly two months after the February 8, 2022 settlement offer.  *See Y.G.*, 2022 WL 1046465 at *1.

[6] This table is compiled from the fee statements provided by Plaintiff's counsel.  *See* Cuddy Decl, Exs. A, B, C; *see also* Dkt. No. 39 ("Cuddy Supp. Decl.") Ex. A.

| Shobna Cuddy | $100 | 0.6 | $60.00 |
|---|---|---|---|
| Cailin O'Donnell | $100 | 0.8 | $80.00 |
| | | | |
| Filing Fee | | | $402.00 |
| | | | |
| | | *Subtotal* | *$2,184.50* |
| | | | |
| **TOTAL** (Sum of Administrative Proceeding and Federal Action) | | | **$19,079.50** |

### E.  Defendant Did Not Unreasonably Protract Litigation

Plaintiff argues that Defendant unreasonably protracted this litigation such that Plaintiffs fees should not be reduced.  That argument is not persuasive.  20 U.S.C. § 1415(i)(3)(G) provides that Courts should not reduce fees where "the court finds that the State or local educational agency unreasonably protracted the final resolution of the action or proceeding or there was a violation of this section."  20 U.S.C. § 1415(i)(3)(G).  Here, however, there has not been an unreasonable delay in the final resolution of this action.  It is true that Defendant did not assign a hearing officer for 162 days after the expiration for the 75-day period required to exhaust a plaintiff's administrative remedies.  However, that delay did not "render this proceeding to be unduly complex or time intensive."  *M.D.*, 2021 WL 3030053, at *6 (rejecting the plaintiff's argument that defendant's delay in failing to respond to pre- and post-Complaint settlement demands had unreasonably protracted the litigation); *see also K.O.*, 2022 WL 1689760, at *14 (concluding that defendant did not unreasonably protract the proceedings where the New York Department of Education failed to appoint a hearing officer "for much longer" than the 75 days required to complete due process).  .  Accordingly, Defendant did not unreasonable protract this litigation, and Plaintiff's fees will be reduced as previously discussed.

## V.      CONCLUSION

For the foregoing reasons, Plaintiff's motion for attorney's fees and expenses is GRANTED

IN PART and DENIED IN PART.  The Court awards Plaintiff's counsel $19,079.50 in fees and

expenses.

The Clerk of Court is directed to terminate the motion at Dkt. No. 22 and close this case.

SO ORDERED.

Dated:  August 19, 2022
New York, New York

_____
GREGORY H. WOODS
United States District Judge

16